**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGIO ESCOBAR-RESENDIZ, AKA
Sergio Escobar-Resendez,

            Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No.   20-73807

Agency No. A029-110-890

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022[**]
Pasadena, California

Before: LEE and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Petitioner Sergio Escobar-Resendiz ("Escobar-Resendiz"), a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ's") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). Under this standard, we must uphold the agency's determination unless any reasonable trier of fact "'would be compelled to conclude to the contrary' based on the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). In assessing an adverse credibility finding, this court "must look to the 'totality of the circumstances[ ] and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

1. Substantial evidence supports the agency's determination that Escobar-Resendiz was not credible when he testified before the IJ. First, in finding that Escobar-Resendiz was not credible, the IJ reasonably relied on Escobar-Resendiz's inconsistent testimony regarding the timing of his kidnapping and the impossibility

of the timeline of his kidnapping based on other evidence in the record. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749-50 (9th Cir. 2022) (upholding agency's adverse credibility finding in part because petitioner's testimony as to the timing of his robberies was inconsistent and petitioner's timeline surrounding his most recent robbery was impossible). The inconsistencies in Escobar-Resendiz's testimony that the IJ identified are not trivial discrepancies in dates; rather, they are inconsistencies regarding the timing of the key event underlying Escobar-Resendiz's applications for withholding of removal and CAT protection. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam) ("We have recognized that an IJ may rely upon an inconsistency in a crucial date concerning the very event upon which [a petitioner] predicated his claim for asylum." (alteration in original) (quotations omitted)); *Don v. Gonzales*, 476 F.3d 738, 741-42 (9th Cir. 2007) (explaining that although trivial discrepancies in dates cannot form the basis of an adverse credibility finding, inconsistencies regarding the event that caused petitioner to leave his country are not trivial).

Second, the IJ made specific observations about aspects of Escobar-Resendiz's demeanor that undermined his credibility. For example, the IJ observed that Escobar-Resendiz avoided answering questions directly and laughed when confronted with inconsistencies in his testimony. *See Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir.

2014) ("Among other factors, an IJ may base an adverse credibility determination on the 'demeanor, candor, or responsiveness' of the applicant." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))); *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005) ("We give 'special deference' to a credibility determination that is based on demeanor." (quoting *Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1151 (9th Cir. 1999))). Absent credible supporting testimony, substantial evidence supports the denial of Escobar-Resendiz's withholding of removal claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.     Substantial evidence also supports the agency's denial of CAT relief. Escobar-Resendiz's CAT claim is based on the same testimony that the agency found not credible. He does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by, or with the consent or acquiescence of, the government if returned to Mexico. *See Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010).

**PETITION DENIED**.